# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PAUL ANDRESS,

       Plaintiff,

v.

DAUBERT LAW FIRM LLC and
MICHAEL STUELAND,

       Defendants.

Case No. 15-CV-423-JPS

ORDER

  As the Court recounted in its December 16, 2015, order, the Court entered an order dismissing the plaintiff's complaint in full. (Docket #28). In doing so, the Court noted that the *Rooker-Feldman* doctrine barred most of the plaintiff's claims, but not all of them. (Docket #28 at 9–19). The Court, therefore, offered the plaintiff an opportunity to amend his complaint and serve it on the only defendant against which his non-barred claims could lie. (*See, e.g.*, Docket #28 at 23–24). The Court gave the plaintiff 30 days to do so. (*See, e.g.*, Docket #28 at 23–24). Near the end of that 30-day period, the plaintiff filed a motion for reconsideration (Docket #29), which the Court quickly denied (Docket #31). But the plaintiff has neither filed nor served an amended complaint, and the 30-day period for him to do so has expired. (*See* Docket #28). The defendants have, therefore, moved to dismiss this case. (Docket #32).

  Indeed, the 30-day period having expired without the plaintiff having filed an amended complaint, dismissal is appropriate. In a prior order, the Court clearly warned the plaintiff that failure to timely file an amended complaint (or failure to serve that amended complaint) would result in dismissal. (Docket #28 at 23–24). Dismissal is, therefore, appropriate. *See Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 562 (7th Cir. 2011) (dismissal for failure to comply with Court directives is appropriate after warning).

Finally, because the plaintiff is proceeding *pro se*, the Court closes with some information about the actions that the plaintiff may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

IT IS ORDERED that the defendants' motion to dismiss (Docket #32) be and the same is hereby GRANTED and this matter be and the same is hereby DISMISSED in its entirety.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of December, 2015.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

Page 2 of 2
Case 2:15-cv-00423-JPS   Filed 12/30/15   Page 2 of 2   Document 33